**STATE of Maine**

v.

**Jon A. DOUCETTE.**

Supreme Judicial Court of Maine.

Argued March 4, 1986.

Decided April 7, 1986.

Paul Aranson, Dist. Atty., Martha Willard (orally), Law Student Intern, Portland, for plaintiff.

Downeast Law Offices, P.A., James R. Bushell (orally), Portland, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

Having entered a conditional guilty plea in Superior Court in Cumberland County, pursuant to M.R.Crim.P. 11(a)(2), the Defendant, Jon A. Doucette, appeals his conviction of operating a motor vehicle while his operator's license and right to operate were under revocation, 29 M.R.S.A. § 2298 (Supp.1985) (Class C), contending that his arrest was the result of an unreasonable seizure in violation of the Maine and United States Constitutions and that the trial court erred in refusing to suppress the evidence resulting therefrom.

Finding no error in the denial of the suppression motion, we affirm.

On August 17, 1984, at approximately 8:35 A.M., while driving southerly on Route I-295, Officer Michael Grovo of the Scarborough Police Department observed a moving van driving slowly with its four-way flashers operating. Officer Grovo pulled in behind the van and followed it for

approximately three minutes until it pulled over into the breakdown lane and came to a stop. Officer Grovo then pulled in behind the van and turned on his flashing blue lights.

The Defendant thereupon got out of the van and went back to talk with Officer Grovo who was standing next to his cruiser. He explained to the officer that the van was out of gasoline and asked his help in getting to a service station. Officer Grovo asked to see the Defendant's operator's license and registration. When the Defendant failed to produce his license, Officer Grovo asked the Defendant his name and proceeded to run a computer check which revealed that the Defendant was a habitual offender. Thereupon Officer Grovo arrested the Defendant for operating a vehicle after his license had been revoked.

In *State v. Garland,* 482 A.2d 139 (Me. 1984), we addressed the issue of whether a police officer's request for identification constitutes a seizure for constitutional purposes. Under the facts of that case we held that such a request did constitute a seizure and was unreasonable, and we ordered the evidence resulting therefrom suppressed. Here, the issue arises under a much different set of circumstances. In *Garland,* the officer saw a car moving slowly down a roadway and then come to a stop. A man got out and stood in the roadway in such fashion that it appeared he might have a gun in his hand. On arriving at the scene the officer observed that rather than holding a gun, the man had been urinating. The officer got out of his cruiser, walked over to the defendant and asked him for identification. The defendant produced a valid operator's license and registration. The officer had the defendant sit in the cruiser while he called the dispatcher to determine whether there were any arrest warrants out on the defendant. There were none, but the defendant was revealed to be a habitual offender and placed under arrest.

Under the facts of *Garland* we held that the officer "by asking Garland for identification, by reason of his authority as an officer of the law, effectively restrained the defendant's resumption of his journey and his driving away; this police action brought into play the protections of the Fourth Amendment against unreasonable seizures...." *Garland,* 482 A.2d at 142. We declared that such a stop was unreasonable because the officer had no continuing specific or articulable suspicion of criminal conduct justifying his detention of the defendant.

The critical distinction between *Garland* and the case at bar is that here Officer Grovo's request for the Defendant's license and registration did not "effectively restrain ... the defendant's resumption of his journey" and therefore did not constitute a seizure. Here the Defendant's journey had been effectively delayed by the fact that the van he was driving ran out of gasoline rather than by Officer Grosso's request for identification. Further, the Defendant requested a ride to a service station; that was a further indication that his initial contact with Officer Grovo was voluntary. In these circumstances Officer Grovo's request for identification before offering the Defendant a ride in his cruiser was in no way unreasonable.

In sum, the Defendant's rights under the Maine and United States Constitutions were not violated.

The entry is:

Judgment affirmed.

All concurring.